IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| CANAL INSURANCE COMPANY, | ) |
| | ) No. C09-1035 EJM |
| Plaintiff, | ) |
| v. | ) ORDER |
| | ) |
| CAROLE A. STAHL, KOELLEN TRUCKING, LLC, and MARK L. VAN BEEM, | ) ) ) |
| | ) |
| Defendants. | ) |

This matter is before the court on defendants' resisted Motions to Dismiss or Transfer, filed by defendant Stahl on October 15, 2009, and by defendants Koellen Trucking and Van Beem on October 28, 2009. Briefing concluded November 16, 2009. Granted in accordance herewith.

Plaintiff, a South Carolina corporation with its principal place of business in South Carolina, brings this declaratory judgment action against defendant Koellen Trucking (Koellen), a Wisconsin Corporation with its principal place of business in Wisconsin, defendant Mark Van Beem, a resident of Wisconsin, and defendant Carole Stahl, a resident of Iowa, further pleading that plaintiff and defendants are citizens of different states. Jurisdiction is based on 28 USC §1332.

Plaintiff asserts that it issued an auto policy to Koellen with a combined single limit of $1,000,000. Having undertaken the defense of Koellen, Van Beem, and non-party United Liquid Waste Recycling, Inc., in a separate negligence action arising from a motor vehicle accident in Iowa, plaintiff seeks a declaratory judgment that the total limit of liability available for this occurrence is $1,000,000.

Defendants seek dismissal, or transfer to the US District Court for the Western District of Wisconsin, urging that venue is improper in Iowa. In support, defendants assert that the events giving rise to this matter involve an insurance policy issued to Koellen in Wisconsin as to equipment licensed, titled, and garaged in Wisconsin, Van Beem and Joseph Koellen are Wisconsin residents and are the likely witnesses, and that Wisconsin law is applicable. Defendants urge that as a declaratory judgment action regarding insurance coverage, no substantial part of the events or omissions giving rise to the judgment sought by plaintiff occurred in the Northern District of Iowa, but rather, the place of negotiation and execution of the policy is the locus of operative facts for the purpose of proper venue. Defendants assert that the location of the auto accident, Iowa, is not the focus of this action, and wholly incidental thereto. Accordingly, defendants seek dismissal or transfer pursuant to 28 USC §1406(a), or transfer pursuant to 28 USC §1404(a).

Plaintiff resists, asserting that the site of the accident and the location of the underlying tort litigation are the most significant events giving rise to its claim, and therefore venue is proper here. Plaintiff further asserts that as to transfer, Wisconsin is no more convenient than Iowa, that its choice of forum is entitled to deference, that while Wisconsin has an interest in the matter because the policy was issued in Wisconsin and the insureds are Wisconsin residents, so too does Iowa have an interest in the determination of coverage for an Iowa resident, and justice is served for all parties who are subject to one policy interpretation.

With regard to dismissal or transfer pursuant to §1406, the court is satisfied that venue is proper in this court. With regard to §1404(a), and noting plaintiff's choice of forum is entitled to deference, it appears that as to plaintiff, the matter of convenience is in equipoise as between Iowa and Wisconsin. However, where, as here, the policy was issued in Wisconsin to a Wisconsin business, the insureds are Wisconsin residents, it is undisputed that the law of Wisconsin is applicable, there is no issue as to the duty to defend in the underlying action, and the coverage interpretation dispute in this declaratory judgment action has little to do with Iowa apart from the incidental location of the accident giving rise to the claim, the court is satisfied that defendants have carried their burden under 28 USC §1404(a) to demonstrate that the convenience of the parties, the convenience of the witnesses, and the interests of justice warrant transfer to the US District Court for the Western District of Wisconsin. The court notes that as Stahl seeks transfer to Wisconsin, her motion shall be considered consent to the exercise of personal jurisdiction by the US District Court for the Western District of Wisconsin.

It is therefore

ORDERED

Granted in accordance herewith. This matter is transferred to the US District Court for the Western District of Wisconsin.

June 7, 2010.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT

3